UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHELLEY DAME,**

    **Plaintiff,**

v.                                                                    Case No.:

**SAINT-GOBAIN PERFORMANCE
PLASTICS CORPORATION,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Shelley Dame ("Plaintiff"), by and through undersigned counsel, herby sues Saint-Gobain Performance Plastics Corporation ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.* ("FMLA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and the FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's claims arising from the FCRA pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5. Plaintiff is a resident of Pinellas County, Florida.

6. Plaintiff worked for Defendant in Pinellas County, Florida.

7. Defendant in a foreign profit corporation.

8. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and/or employees of Defendant and were at all times acting within the scope and/or course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

9. Plaintiff is considered an "employee" within the meaning of the FCRA and the ADA.

10. Plaintiff is considered an "eligible employee" within the meaning of the FMLA.

11. Defendant is considered an "employer" within the meaning of the FCRA, the ADA and the FMLA.

12. Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding her request for leave pursuant to the FMLA.

13. Plaintiff was employed by Defendant for more than twelve (12) months.

14. Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within 75 miles of that worksite.

15. Plaintiff has a serious health condition as defined by the FMLA.

16. Plaintiff was "disabled" as defined by the ADA during her employment with Defendant.

17. Plaintiff had a "handicap" as defined by the FCRA during her employment with Defendant.

18. Defendant knew of Plaintiff's "disability" and "handicap" during her employment with Defendant.

19. Plaintiff was a "qualified individual" as defined by the FCRA and the ADA during her employment with Defendant.

**PROEDURAL REQUIREMENTS**

20. Plaintiff timely dual-filed a charge (the "Charge") of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

21. On July 10, 2022, the FCHR issued a Notice of Determination letter stating that there is reasonable cause to believe that an unlawful employment practice has occurred.

22. On September 27, 2023, the EEOC issued a Conciliation Failure and Notice of Rights letter stating that the EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the Charge.

## STATEMENT OF FACTS

23. Plaintiff began employment with Defendant on or about October 1, 2007.

24. Most recently, Plaintiff worked for the Defendant as a customer service specialist at their Saint-Gobain Solar Guard facility in Largo, FL.

25. On or about February 8, 2022, Plaintiff was involved in a severe accident that caused her to suffer significant injuries.

26. Namely, Plaintiff suffered a traumatic complete tear of her left rotator cuff.

27. The traumatic complete tear of her left rotator cuff substantially limited Plaintiff's ability to move her arm, care for herself, perform manual tasks, sleep, lift, concentrate, and work.

4

28. On or about February 10, 2022, Plaintiff informed her supervisor Johnny Sibilly ("Mr. Sibilly") of the accident, her injury and of her need to seek medical attention.

29. Over the next few weeks Plaintiff met with several doctors to determine the best course of medical treatment.

30. In or around early May 2022, Plaintiff was able to confirm a surgery date of July 15, 2022.

31. After confirming the surgery date, Plaintiff informed her supervisor, Mr. Sibilly, of the her need for leave for the surgery and recovery and also contacted human resources, but received no response.

32. Shortly after informing Mr. Sibilly and human resources of her need for leave, Plaintiff was terminated on or about May 18, 2022.

33. Defendant gave Plaintiff no reason for Plaintiff's termination.

34. Plaintiff has satisfied all conditions precedent, or they have been waived.

35. Plaintiff has retained the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in violation of the FCRA

36. All allegations prior to Count I are reallaged and incorporated herein.

37. At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff was and is capable

5

of performing all essential functions of her employment position with or without a reasonable accommodation.

38. Plaintiff has an actual handicap, has a record of being handicap, and/or is perceived as having a handicap by Defendant.

39. Defendant terminated Plaintiff because of her handicap.

40. Defendant's termination of Plaintiff because of her handicap constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

41. As a direct and proximate cause of Defendant's intentional unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count II – Failure to accommodate in violation of the FCRA

42. All allegations prior to Count I are reallaged and incorporated herein.

43. At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

44. Plaintiff has an actual handicap, has a record of being handicap, and/or is perceived as having a handicap by Defendant.

45. Plaintiff requested leave as an accommodation due to her own handicap.

46. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her handicap, failed to establish that the requested accommodation was an undue hardship, and ultimately failed to reasonably accommodate Plaintiff's handicap.

47. As a direct and proximate cause of Defendant's intentional failure to accommodate Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count III – Retaliation in violation of the FCRA

48. All allegations prior to Count I are reallaged and incorporated herein.

49. Plaintiff engaged in protected activity by requesting a reasonable accommodation.

50. Defendant retaliated against Plaintiff by terminating her employment.

51. As a direct and proximate cause of Defendant's intentional retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count IV– Discrimination in violation of the ADA

52. All allegations prior to Count I are reallaged and incorporated herein.

53. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff was and is capable

of performing all essential functions of her employment position with or without a reasonable accommodation.

54. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

55. Defendant terminated Plaintiff because of her disability.

56. Defendant's termination of Plaintiff because of her disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

57. As a direct and proximate cause of Defendant's intentional unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count V – Failure to accommodate in violation of the ADA

58. All allegations prior to Count I are reallaged and incorporated herein.

59. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

60. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

61. Plaintiff requested leave as an accommodation due to her own disability.

62. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her disability, failed to establish that the requested accommodation was an undue hardship, and ultimately failed to reasonably accommodate Plaintiff's disability.

63. As a direct and proximate cause of Defendant's intentional failure to accommodate Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VI – Retaliation in violation of the ADA

64. All allegations prior to Count I are reallaged and incorporated herein.

65. Plaintiff engaged in protected activity by requesting a reasonable accommodation.

66. Defendant retaliated against Plaintiff by terminating her employment.

67. As a direct and proximate cause of Defendant's intentional retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VII – Interference in Violation of the FMLA

68. All allegations prior to Count I are reallaged and incorporated herein.

69. Plaintiff was eligible for FMLA leave.

70. Plaintiff was entitled to FMLA leave.

71. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide her leave.

72. As a result of Defendant's unlawful interference of Plaintiff's rights under the FMLA, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VIII – Retaliation in Violation of the FMLA

73. All allegations prior to Count I are reallaged and incorporated herein.

74. Plaintiff was eligible for FMLA leave.

75. Plaintiff was entitled to FMLA leave.

76. Plaintiff engaged in protected activity by requesting FMLA leave.

77. Defendant took an adverse employment action by terminating Plaintiff.

78. Defendant took the adverse employment action because of Plaintiff's protected activity.

79. As a direct and proximate cause of Defendant's intentional retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a)  That process issue and that this Court take jurisdiction over the case;

(b)     Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay and back benefits, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c)     All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)     For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this <u>15th</u> day of December, 2023 by:

<u>/s/ Jason B. Woodside</u>
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Attorney for Plaintiff*