UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELLEY DAME,

    Plaintiff,

v.                                    Case No. 8:23-cv-02874-SDM-NHA

SAINT-GOBAIN PERFORMANCE
PLASTICS CORPORATION,

    Defendant.
_____/

## ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over the confidentiality of information, adequately protect material entitled to be kept confidential, and ensure that protection is afforded to material so entitled, it is, upon agreement of the parties and pursuant to the Court's authority under Fed. R. Civ. P. 26(c), ORDERED as follows:

**A.**     **Definition of Confidential Information or Documents**

"Confidential Information" or "Documents," as used in this Order, means any information and documentation that is seen as confidential, which is supplied by a party to an opposing party or their counsel during discovery in response to a discovery request or is revealed during a deposition. For purposes of this Order, the

following categories of documents are understood by the parties to be "Confidential:"

1. Any human resources and personnel information concerning Defendant's current or former employees other than Plaintiff, including, but not limited to: home addresses, telephone numbers and Social Security numbers; health records; vacation, disability and other leave requests; attendance records; counseling records; wages earned and benefits received; documents labeled as proprietary or as restricted as to outside use;

2. Business records, in any form, including but not limited to: information setting forth business or product plans that constitute proprietary information or trade secrets    contracts, net and gross revenue, profit and loss statements, earnings statements, accounts receivable/payable statements and personnel policies; and

3. Medical and/or personal financial records provided by Plaintiff.

Documents not specifically covered by these categories may be stamped and thereby designated as "Confidential" upon production where a party believes in good faith that the document contains secret, confidential or proprietary information. The presence of this stamp or mark on a particular document shall signify that the designating party holds the opinion in good faith that the document is legitimately confidential and/or proprietary and merits protection from disclosure under this Order. The absence of such a designation does not necessarily preclude a document from being subject to this Protective Order. For purposes of this Order, the term "document" includes all written, recorded, computerized or graphic material, including interrogatory answers and deposition testimony, produced or created by a

party, including its experts, consultants and/or outside vendors. An entire document production, or any portion thereof, may be designated confidential on an interim basis to expedite discovery, in which case the producing party will have twenty (20) days after entry of this Order or from production, whichever is later, to identify the documents as to which confidentiality is asserted and the receiving party shall affix a stamp designating the document as confidential. Counsel for a party claiming confidentiality at a deposition or proceeding may designate the information as confidential by making a statement on the record, or by having the court reporter label the information appropriately, or within ten (10) business days after receipt of a transcript or ten (10) days after entry of this Order, whichever is later, by informing opposing counsel in writing of the confidential designation. Similarly, counsel for a party may designate documents produced by a non-party as confidential within ten (10) business days after receipt of the production by informing opposing counsel in writing of the confidential designation.

B. **Qualified Persons with Access to Confidential Information**

    1. "Confidential Information" or "Documents" and the contents of confidential information shall be maintained confidentially by counsel and shall not be shown to, given to, discussed with or otherwise disclosed to any person other than "Qualified Persons," as defined herein.

2. "Qualified Persons" as used herein, means:

    a. Counsel for the parties in this action;

    b. Employees or agents of counsel for the parties in this litigation to the extent reasonably necessary to render professional services in the litigation (hereafter "employees");

    c. Consultants and experts retained or employed to assist counsel for the parties specifically for and in the preparation of this litigation for trial or settlement, and the employees or agents for these consultants and experts (hereafter "experts");

    d. Defendant and its officials, and Plaintiff;

    e. The authors, addressees or originators of the "Confidential Information;"

    f. The Court, court personnel and stenographic reporters at depositions taken, or transcribing other proceedings, in this action; and

    g. Other persons noticed for deposition or designated as witnesses for trial or any other hearing or proceeding in this litigation (hereafter "witnesses") with a need to know confidential information.

3. Plaintiff's counsel and their employees agree to respect the rights of privacy of persons not named as parties to this action when showing, revealing or disclosing "Confidential Information" to "witnesses."

**C.   Restrictions on the Use and Disclosure of Confidential Information to Qualified Persons**

1. If an attorney desires to give, show, make available, or communicate properly designated Confidential Information by an opposing party to any "experts" or "witnesses," each person to whom the matter is to be given, shown, made available, or communicated, must agree in writing in the form attached hereto as Exhibit A not to disclose to anyone who is not a Qualified Person any of the information set forth or contained in the material received and to be bound by the terms of this Order. An executed copy of Exhibit A from each such individual shall be maintained by the attorney who obtained them.

2. Pursuant to this Order, the attorney of record for Parties, their employees and agents, agree to be bound by the terms of this Order; no further written consent is required of them.

3. Persons obtaining access to or knowledge of items designated as "Confidential" shall use the information solely for preparation for or conduct of deposition, trial, settlement, or post-trial proceedings related to this action and shall not use such information for any other purpose, including personal, business, governmental, commercial, or other administrative or judicial proceedings or engage in any activity or action where knowledge of the confidential information could be prejudicial to Defendant.

4. No copies of documents, testimony, or other information designated as "Confidential" shall be received, kept, or maintained by individuals other than the Qualified Persons listed above.

5. Filing Confidential Information with the Court

If an attorney files Confidential Information with the Court, opposing counsel may request leave of Court to have it filed it under seal, to be made available only to Qualified Persons, Judges of the Court and their staff, and the Clerk of the Court and his or her staff, and employees of the Court subject to continued filing under seal or unsealing upon further Order of the Court.

6. In the event an attorney seeks to show any documents or other information denominated as "Confidential" to any category of persons other than those described in Section B as "Qualified Persons," that attorney shall first advise opposing counsel and seek to reach an informal resolution of or agreement on this matter. In the event that agreement or resolution cannot be reached, the attorney seeking to show the "Confidential Information" to anyone other than a "Qualified Person" shall apply to the Court for relief from this Order. In the event attorneys for the parties to this litigation agree that the "Confidential Information" may be disclosed to anyone other than a "Qualified Person," that person shall sign the Disclosure Agreement set forth in Exhibit A.

**D.      No Admission or Waiver**

The parties' consent to this Order shall not be construed as a waiver of any privilege or objection any party may have as to the discoverability of any information, material or document, and it shall not be construed as a waiver of any party's right to move to compel any information, material or document.  The inadvertent disclosure of any document, communication or other material protected from disclosure and discovery by the attorney-client privilege, the attorney work-product doctrine, or other judicially recognized protections or privileges or which are otherwise not subject to discovery under applicable law, regulation or the Federal Rules of Civil Procedure shall not be deemed to be a waiver of the applicable protections or privileges as to either: (i) the document, communication or materials disclosed, and (ii) other protected or privileged documents, communications or materials relating to or concerning the same subject matter; any documents inadvertently produced, and all copies and records thereof, shall be immediately returned to the producing party.

It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents, information or testimony may be designated erroneously as confidential, or documents, information or testimony that are entitled to confidential treatment may erroneously not be designated as confidential. The parties to this Order may correct

7

their confidentiality designations, or lack thereof, and at their own expense, shall furnish to all counsel copies of the documents or other materials for which there is a change in designation or otherwise provide reasonable notice of the change in designation.

Nothing in this Order affects the admissibility of any documents, testimony, or other evidence at trial.

E.  **Disputes Regarding Designation of Documents and Information as Confidential**

If any dispute arises concerning whether documents or information designated as confidential should, in fact, be considered as confidential for purposes of this Order, the party who objects to the designation shall initiate the dispute resolution process by providing written notice of each designation he or it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with the specific section of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within fourteen (14) days of the date of service of the notice.  In conferring, the objecting party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if the Confidential designation is not withdrawn, to explain the

basis for the chosen designation, which the designating party is obligated to do if the Confidential designation is not withdrawn within 14 days of the initial direct conference referenced herein. An objecting party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. A designating party's failure to comply with its responsive obligations in this meet and confer results in automatic withdrawal of the Confidential designation(s) at issue.

If the parties cannot resolve a challenge without court intervention, the designating party shall, within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer will not resolve their dispute, whichever is earlier, schedule a telephone conference with the Court. If the dispute is not resolved upon the conclusion of the telephone conference with the court, the designating party shall file and serve a motion to retain confidentiality within fourteen (14) days of the telephone conference with the Court. The documents or information in question shall be kept confidential pending the entirety of the meet-and-confer process, the telephone conference with the Court, and the ruling on any motion.

**F.     Modification Permitted**

Nothing in this Order shall prevent any party from seeking modification of this Order or to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including

restrictions differing from those specified herein. Likewise, nothing in this Order shall prevent any party from moving to compel production of any document or information. Finally, the parties may make exceptions, modifications, and/or additions to this Order by written agreement so long as all parties, either personally or through their counsel, sign the written agreement.

G.  **Jurisdiction and Return of Documents**

This Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Counsel for the parties shall assemble and return, within sixty (60) days of the conclusion of this action, including any appeals, all Confidential Information and all copies of same and any photocopies of the documents, summaries, notes and memoranda made from or about the documents. The parties' counsel shall make certification of compliance herewith and shall deliver the same to the parties' counsel within ninety (90) days of termination of this action, including any appeals.

**DONE and ORDERED** in Chambers in Tampa, Florida, on this __2nd__ day of __April__, 2024.

_____
THE HONORABLE NATALIE HIRT ADAMS
U.S. MAGISTRATE JUDGE